IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN K. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 24-03317 |
| | ) | |
| CITY OF SPARTA & | ) | **DEMAND FOR JURY TRIAL** |
| LOREN D. NYSTROM | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CITY OF SPARTA'S ANSWER TO PLAINTIFF'S AMENDED PETITION FOR DAMAGES

**COMES NOW** Defendant City of Sparta, by and through counsel of record, Keck & Phillips, LLC and for their Answer to Plaintiff's Amended Petition submits as follows:

1. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the matter asserted and therefore denies and demands strict proof thereof.

2. Admit.

3. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the matter asserted and therefore denies and demands strict proof thereof.

4. Deny.

5. Admit that this Defendant employed Loren Nystrom. Any injuries to Plaintiff were the result of his own actions. Admit that there was an incident at Jenkins Road and State Highway 14, Sparta, Missouri. This Defendant denies each and every allegation not specifically admitted and demands strict proof thereof.

6. Admit that at least one party resides in Christian County, Missouri. Deny that Plaintiff has stated any claim for which relief can be granted and therefore deny jurisdiction.

1

Further, venue is proper in the United States District Court for the Western District of Missouri in light of Plaintiff seeking relief pursuant to 42 USC 1983.

## COUNT I—ASSAULT AND BATTERY

**COMES NOW** this Defendant and as to Count I states as follows:

7. This Defendant reincorporates the responses contained in Paragraphs 1 through 6 of this Answer as if fully set forth herein.

8. Admit.

9. Deny that this is a full and accurate chronology describing the events. Admit that Nystrom repeatedly instructed Plaintiff to get out of the vehicle. Admit that Nystrom opened the vehicle door. Deny that Plaintiff kept his hands up in a non-threatening manner. Admit that Plaintiff demanded Nystrom contact a commanding officer. This Defendant denies each and every allegation not specifically admitted and demands strict proof thereof.

10. Deny as drafted. Admit that after Plaintiff refused repeated commands to exit the vehicle Nystrom deployed a taser. The deployment did not fully "tase" Plaintiff and was not effective, resulting in Nystrom deploying pepper spray, after which Plaintiff got out. This Defendant denies each and every allegation not specifically admitted and demands strict proof thereof.

11. Deny as drafted. Nystrom attempted to pull Plaintiff from the vehicle but was not successful because Plaintiff resisted. After finally gaining temporary control of Plaintiff, Nystrom ordered Plaintiff to the ground. Plaintiff again refused commands and Nystrom deployed the taser. This Defendant denies each and every allegation not specifically admitted and demands strict proof thereof.

12. Deny.

13. Deny that Nystrom immediately had control of Plaintiff on the ground. Admit that Nystrom double cuffed Plaintiff. This Defendant lacks sufficient information to form an opinion

as to the remaining allegations and therefore denies and demands strict proof thereof.

14. Admit.

15. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the matter asserted and therefore denies and demands strict proof thereof.

16. Deny.

17. Deny.

**WHEREFORE**, this Defendant having fully responded to Plaintiff's allegations in Count I asks for judgement in their favor and against Plaintiff, for costs, and for all such further relief as the Court deems just.

### COUNT II—NEGLIGENCE

**COMES NOW** this Defendant and as to Count II, states as follows:

18. This Defendant reincorporates the responses contained in Paragraphs 1 through 17 of this Answer as if fully set forth herein.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

**WHEREFORE**, this Defendant having fully responded to Plaintiff's allegations in Count II asks for judgment in their favor and against Plaintiff, for costs, and all such further relief as the Court deems just.

### COUNT III—EXCESSIVE USE OF FORCE

**COMES NOW** this Defendant and as to Count III, states as follows:

23. This Defendant reincorporates the responses contained in Paragraphs 1 through 22

of this Answer as if fully set forth herein.

24. Admit.

25. Deny.

26. Admit.

27. Deny.

31.[sic] Deny.

32.[sic.] Deny.

**WHEREFORE**, this Defendant having fully responded to Plaintiff's allegations in Count III asks for judgment in their favor and against Plaintiff, for costs, and all such further relief as the Court deems just.

## AFFIRMATIVE DEFENSES

Defendant(s) assert the following affirmative defenses:

1. Defendant(s) deny each and every allegation, matter, and averment made or contained in Plaintiff's Complaint not specifically admitted.

2. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant(s) and fails to state a claim upon which relief may be granted so that the same should be dismissed at Plaintiff's costs.

3. Any and all actions or acts committed by Defendant(s) or on their behalf were discretionary in nature and taken in good faith, and that any individual claim Defendant is immune from suit or protected from liability or damages pursuant to individual immunity, absolute immunity, judicial immunity, quasi-judicial immunity, witness immunity, qualified immunity, official immunity, and the public duty doctrine.

4

4. To the extent Defendant(s) is asserted to be liable as a public entity, or in any official capacity claim, based on acts of those through whom the public entity is alleged to have acted, then Defendant is protected pursuant to the law regarding *respondeat superior* as applied to public entities, by sovereign immunity, and the Eleventh Amendment to the United States' Constitution. Further, to the extent that Plaintiff(s) has asserted state law claims against Defendant(s) as a political subdivision, Plaintiff has failed to assert grounds or any basis for any exception to sovereign immunity.

5. Defendant(s) acted with objective reasonableness under the circumstances then existing, and their conduct was justified and/or privileged.

6. Plaintiff's damages, if any, were proximately caused by their own negligence and/or criminal or other acts and/or the negligence and criminal or other acts of others who are beyond the control of Defendant(s), and whose fault should be compared. To the extent any fact finder finds any fault, such fault and damages should be reduced by the percentage of fault of any other tortfeasor.

7. Plaintiff has no damages.

8. To the extent, if any, that Plaintiff attempts to assert a right to punitive damages, Plaintiff is not entitled to any punitive damage award for any one or more of the following reasons:

(a) The standards by which Defendant's conduct is to be determined as alleged by Plaintiff are vague and wholly arbitrary and, as such, deny dues process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

(b) The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Defendant of the potential repercussions of their alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(c) Plaintiff's request, if any, for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

(d) Plaintiff's request, if any, for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(e) Plaintiff's request, if any, for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

(f) Plaintiff's request, if any, for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that Defendant's wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

(g) Plaintiff's request, if any, for punitive damages cannot protect Defendant against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(h) An award of punitive damages would violate Defendant's due process under the United States Constitution;

(i) Punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's opinion in *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S. Ct. 2748, 69 L.Ed. 2d 616 (1981).

(j) To the extent that Defendant is being sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by R.S.M.o. § 537.610.

9. Any and all actions committed by Defendant(s) were discretionary in nature, were objectively reasonable under the circumstances then existing and were not in violation of clearly

established law and, therefore, Defendant is protected from liability by the doctrine of qualified immunity.

10. The conduct, decisions, actions and/or inaction attributed to Defendant(s) by Plaintiff involved discretionary conduct and, accordingly, to the extent (if any) a common law claim is asserted against Defendant, they are shielded from liability by operation of Missouri's official immunity doctrine.

11. The conduct, decisions, actions and/or inaction attributed to Defendant(s) by Plaintiff involved duties owed to the public and not to Plaintiff individually and, accordingly, to the extent (if any) a common law claim is asserted against Defendant, they are shielded from liability by operation of Missouri's public duty doctrine.

12. Plaintiff failed to mitigate damages, including that Plaintiff failed to make reasonable efforts to do so.

13. In the event Plaintiff is entitled to or awarded any attorney fees, they are not entitled to any attorney fees not authorized by the Prison Litigation Reform Act and 42 U.S.C. § 1998, and any award must comply with those requirements.

14. The *Heck* doctrine bars Plaintiff's suit in that Plaintiff seeks to challenge the validity of disciplinary and/or criminal proceedings and Plaintiff cannot demonstrate such have been overturned.

15. Any damages, all of which are denied, were caused by intervening or pre-existing or subsequent conditions or acts, for which Defendant(s) cannot be liable.

16. Plaintiff is not entitled to equitable relief due to unclean hands.

17. Plaintiff is not entitled to equitable relief because in the event Plaintiff stated a claim (which is denied), for which relief could otherwise be granted, the law provides adequate remedy.

18. Plaintiff is barred from recovery by the doctrine of laches for unreasonable delay without explanation in bringing suit against this Defendant, and also by applicable statute of limitations, where

the alleged fact of damages was known to Plaintiff or capable of ascertainment prior to the date of filing suit, and Plaintiff failed to bring action:

(a) pursuant to R.S.Mo. §516.140 within two years to the extent Plaintiff asserted any action for, assault, battery; and/or

19. In the event that a finder of fact, judge or jury, should assess a percentage of liability to this Defendant, any judgment entered against this Defendant should be reduced to reflect said percentage of fault, and that this Defendant be held liable to Plaintiff for only that percentage of the judgment, severally, and not jointly with any other Defendant, person, or entity.

20. Any verdict rendered and/or judgment entered into this matter on behalf of Plaintiff should be reduced by all applicable settlements with any and all co-defendants, other tort-feasors, and/or insurance carriers or any other person, firm or corporation or other entity or individual alleged to be liable for Plaintiff's claimed damages.

21. The value of any medical treatment rendered to the Plaintiff is the dollar amount necessary to satisfy the financial obligations to the health care provider, including as reflected in § 490.715, RSMo.

22. Damages against this public officer or public entity Defendant are capped and/or subject to reduction, including but not limited to as provided by § 537.610 including subparts.

23. Defendant(s) reserve the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to them.

WHEREFORE, Defendant having fully answered Plaintiff's Complaint, prays to be discharged therefrom, and for judgment in their favor and against Plaintiff, for costs, including reasonable attorney fees, and for further and additional relief as the Court deems just.

Respectfully submitted,

KECK & PHILLIPS, L.L.C.

By  /s/ *Damon S. Phillips*
 Damon S. Phillips #52901
 3140 E. Division
 Springfield, MO  65802
 Telephone: (417) 890-8989
 Facsimile:  (417) 890-8990
 Email: damon@kpwlawfirm.com
 *Attorney for Defendant City of Sparta, Missouri*

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was sent via CM/ECF filing system to all parties of record this 15th day of November 2024.

 */s/ Damon S. Phillips*
 Damon S. Phillips